UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
        **Plaintiff**

v.                                      Case Number 3:12cr40-001

                                           USM Number 09369-027

**JASON P MITSCHELEN**
        **Defendant**

                                           H JAY STEVENS - FCD
                                           Defendant's Attorney

_____

## AMENDED JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to counts 1 and 2 of the Indictment on 5/30/2012.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:912 FALSELY ASSUMING AND PRETENDING TO BE A DEPUTY OF THE UNITED STATES MARSHALS SERVICE | March 2012 | 1 |
| 18:1017 USE OF SEAL OF THE UNITED STATES MARSHALS SERVICE | March 2012 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**This judgment was amended to reflect the defendant's sentence of 6 months and 1 day confinement.**

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

October 4, 2012
Date of Imposition of Judgment

s/ Jon E. DeGuilio
Signature of Judge

Jon E. DeGuilio, United States District Judge
Name and Title of Judge

December 4, 2012
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **6 months and 1 day on each of Counts 1 and 2 (to run concurrently).**

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may receive mental health evaluation and counseling; and that the defendant be placed in a facility as close as possible to his family in North Liberty, Indiana.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **no later than 9:00 AM on November 15, 2012** as notified by the United States Marshal. If Defendant is unable to report to the designated institution as required, then Defendant shall voluntarily surrender to the United States Marshal's office located in the South Bend Federal Courthouse on the required date and time.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____
_____, with a certified copy of this judgment.

_____<br>
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year on each of Counts 1 and 2 (to run concurrently) for a total term of 1 year.**

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and two (2) periodic drug tests thereafter, as determined by the Court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2. The defendant shall report to the probation officer in the manner and as frequently as directed by the Court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support his dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a mental health treatment program and shall abide by all program requirements and restrictions. The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court.

The defendant shall participate in the Location Monitoring Program on Home Detention for a period of 6 months to commence within thirty (30) days after placement on supervision. The type of monitoring equipment and technology to be used shall be determined by the probation office, pursuant to Monograph 113 (Part F. Location Monitoring).The defendant shall abide by all technology requirements and program restrictions, and pay all or part of the costs for participation in the program not to exceed the sliding scale as established by the Department of Health and Human Services and adopted by this court.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$200.00** | **NONE** | **NONE** |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.

Name:    <u>JASON P MITSCHELEN</u>

Docket No.:    <u>3:12cr40-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant    Date


_____    _____
U.S. Probation Officer/Designated Witness    Date